UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PACE LANDFILL L L C**         **CASE NO.  6:20-CV-01140**

**VERSUS**                      **JUDGE JUNEAU**

**BOMAG AMERICAS INC**          **MAGISTRATE JUDGE PATRICK J. HANNA**

O R D E R

Now before this Court is the motion to compel and for attorneys' fees filed by defendant Bomag Americas, Inc. ("Bomag") in this case. (Rec. Doc. 14). The motion is opposed by plaintiff Pace Landfill, LLC ("Pace"). (Rec. Doc. 20). Delays for the filing of any desired reply brief are now expired and no such reply was filed, thus the motion is considered fully briefed and ripe for consideration. (Rec. Doc. 15). For the reasons explained below, defendant's instant motion will be DENIED.

## *Background*

Bomag filed the instant motion alleging that it propounded requests for production of certain documents upon Pace on January 25, 2021. Pursuant to Fed. R. Civ. P. 34, Pace's responses were due to Bomag on or before February 24, 2021. Correspondence attached to Bomag's motion shows that, after responses from Pace became overdue, Bomag's counsel contacted Pace's counsel on March 1, 2021 to arrange a conference pursuant to Fed. R. Civ. P. 37. (Rec. Doc. 14-2).

Plaintiff's counsel did not respond to defendant's first email inquiry or a subsequent telephone call. (*Id.* at pp. 2-3).  Plaintiff's counsel did respond to a second email requesting his input into convenient times for a Rule 37 conference with the vague instruction that he would be back in the office Monday or Tuesday and that defense counsel should continue attempts to call him then and that "anytime you can reach me is ok." (*Id.* at p. 2).  Counsel for Bomag responded by agreeing to call plaintiff's counsel on Tuesday at 10:30 a.m. (*Id.* at p. 1).  Follow-up correspondence dated March 10, 2021 indicates that Bomag's counsel did, in fact, telephone plaintiff's counsel at 10:30 on Tuesday, March 9, 2021 as promised, but plaintiff's counsel was "on another line" and did not return the call. (*Id.* at p. 1).  Bomag filed the instant motion to compel on March 16, 2021.  (Rec. Doc. 14).

### *Applicable Standard*

Fed. R. Civ. P. 37(a)(1) provides that a party may file a motion to compel disclosure or discovery after first conferring or attempting to confer in good faith with the party from whom the requested materials are sought.  When the movant files such motion after first fulfilling its duty to confer under subsection (a)(1) and the motion is then granted or the respondent voluntarily produces the discovery at issue, the **Court must** require the party whose conduct necessitated the motion to pay attorneys' fees in the amount constituting those expenses reasonably incurred

in filing the motion unless: (1) the respondent shows that the movant failed to confer prior to the filing of the motion as required by subsection (a)(1); (2) the respondent shows that the nondisclosure, response or objection to the discovery request at issue was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Sanctions under Rule 37 should be imposed after providing the respondent an opportunity to be heard regarding these potential exceptions to the rule of imposition. *Id.* Courts may sanction conduct by the imposition of attorneys' fee awards against any responsible party, including counsel. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765-67 (1980); *Tollet v. City of Kemah*, 285 F.3d 357, 368 (2002).

## *Analysis*

This motion arises from requests for production of certain documents. (Rec. Doc. 14-1). Requests for the production of documents are governed by Fed. R. Civ. P. 34, which permits a party to serve upon another party, *inter alia*, requests for the production documents described with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). A party upon whom discovery requests are propounded must respond. Fed. R. Civ. P. 34(b)(2). Such response may state the respondent's objection to the production of the requested document or may otherwise explain why such document is withheld. *McCoy v. SC Tiger Manor, LLC*, 2021 WL

1326302, *3 (MD La. April 8, 2021) citing *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

After review of the motion, attached correspondence between counsel, and plaintiff's brief in opposition to the motion, the undersigned does not find that this case presents one or more of the enumerated exceptions to the rule of imposition set forth in Rule 37(a)(5)(A). Movant shows that the respondent ignored attempts at conference in good faith under Rule 37 on March 1, 2, 4, and 9, 2021. (Rec. Doc. 14-2). We also note that, as a practical matter, movant contacted plaintiff's counsel on March 10th to advise of the continued desire to discuss the matter and did not file the instant motion until March 16th.

Plaintiff opposes this motion on two bases: (1) that the majority of the documents sought in defendant's request for production were already provided in plaintiff's initial disclosures, and (2) that plaintiff's counsel was delayed in responding to defense counsel because of complications associated with COVID-19. (Rec. Doc. 20). As is true of many pretrial issues arising among opposing counsel, it is the view of the undersigned that this motion could have been avoided by better communication. Specifically, this motion could have been avoided with minimal communication from plaintiff's counsel.

In light of this Court's finding that plaintiff's counsel's failure to communicate was unreasonable in this case and was the cause of the instant motion to compel, it is hereby

ORDERED that plaintiff's counsel shall file a brief within TEN (10) days showing cause why he should not personally be taxed with the reasonable attorneys' fees associated with the filing of the instant motion by defendant under the applicable law and jurisprudence.

SIGNED this 12th day of May, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE